# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DAVID ABRAMS, *not individually but* ) | |
| *solely as the Liquidating Trustee and* ) | |
| *court-appointed manager of Heartland* ) | |
| *Memorial Hospital, LLC,* ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:12-CV-19-TLS |
| ) | |
| DLA PIPER (US) LLP, *a Maryland* ) | |
| *Limited Liability partnership,* ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on the Defendant's Motion to Withdraw Reference [ECF No. 1], filed with the bankruptcy court on November 7, 2011, *Abrams v. DLA Piper*, No. 09-02049-jpk (Bankr. N.D. Ind. filed Feb. 26, 2009), and docketed with this Court on January 12, 2012. The Defendant requests that the Court withdraw the reference to the bankruptcy court so that it will be this Court rather than the bankruptcy court that decides the pending Amended Motion for Leave to File Second Amended Complaint [No. 09-02049-jpk, ECF No. 48]. For the reasons discussed below, the Court will deny the Motion to Withdraw Reference.

## BACKGROUND

The Court relies upon the statements contained in the parties' filings to construct the background of this case. (*See* Def.'s Mot. Withdraw Reference, ECF No. 1; Def.'s Memo. in Supp., ECF No. 1-1 at 15–24; Pl.'s Opposition, ECF No. 1-1 at 25–28.)

In January 2007, creditors filed an involuntary Chapter 7 bankruptcy petition against the Debtor, Heartland Memorial Hospital, LLC. On March 2, 2007, the bankruptcy court granted

relief against the Debtor and converted the case to Chapter 11. On November 19, 2008, the bankruptcy court confirmed the Debtor's liquidating plan of reorganization and appointed the Plaintiff, David Abrams, as liquidating trustee. On February 26, 2009, the Plaintiff filed a Complaint against the Defendant in bankruptcy court, Adversary Proceeding 09-02049, seeking to avoid $100,000 in allegedly preferential transfers and to disallow the Defendant's claim in the bankruptcy. On March 2, 2009, the Plaintiff filed an Amended Complaint against the Defendant in Adversary Proceeding 09-02049, alleging four counts involving fraudulent and preferential transfers.

On March 3, 2009, the Plaintiff filed a Complaint against the Defendant in Case No. 09L002543 in the Circuit Court of Cook County, Illinois, alleging legal malpractice and breach of fiduciary duty. On October 5, 2011, the Cook County judge dismissed that Complaint with prejudice, finding that the liquidating plan required the Plaintiff to pursue legal malpractice claims in the bankruptcy court. The Plaintiff filed a notice of appeal of the Cook County dismissal order on October 14, 2011.

On October 5, 2011, the Plaintiff filed his Amended Motion for Leave to File Second Amended Complaint against the Defendant in Adversary Proceeding 09-02049, seeking to add the claims for legal malpractice and breach of fiduciary duty to the other claims already before the bankruptcy court, seeking to add a new party plaintiff to those counts, and seeking a determination that the amendments to the complaint would relate back to February 26, 2009—the date of the filing of the original Complaint in Adversary Proceeding 09-02049.

The Defendant filed its Motion to Withdraw Reference [ECF No. 1] on November 7, 2011, along with a Memorandum in Support [ECF No. 1-1 at 15–24]. The Plaintiff filed his Opposition

[ECF No. 1-1 at 25–28] on November 21, the Defendant filed its Reply [ECF No. 1-1 at 29–35] on November 29, and the bankruptcy court transmitted the case to this Court on January 12, 2012 [ECF No. 1-1 at 38–39]. Finally, the Defendant filed a Notice of Supplemental Authority [ECF No. 3] on March 9, 2012, along with an Order [ECF No. 3-1] from the case of *Abrams v. McGuireWoods LLP*, No. 2:12-CV-21 (N.D. Ind. filed Jan. 12, 2012).

## DISCUSSION

The Defendant moves the Court to withdraw the reference to the bankruptcy court with respect to the Amended Motion for Leave to File Second Amended Complaint. The Defendant argues that the legal malpractice and breach of fiduciary duty claims that the Plaintiff seeks to add are non-core matters, that it would be more efficient for this Court to hear the malpractice and breach of fiduciary duty claims since this Court would review the bankruptcy court's determination on those claims *de novo*, that the Defendant's right to a jury trial requires withdrawal of the reference, that hearing the new claims in this Court will not encourage forum shopping, and that since the new claims do not involve core bankruptcy issues, this Court's granting the Motion to Withdraw will not affect uniformity in the administration of bankruptcy law. The Plaintiff responds that the new claims are not presently before the bankruptcy court, so granting the Motion to Withdraw Reference would be premature because the Defendant does not yet have a jury trial right. The Plaintiff acknowledges that if the bankruptcy court grants the Amended Motion for Leave to File Second Amended Complaint, then the Defendant's jury trial right will require withdrawing the reference. But the Plaintiff urges that due to the bankruptcy court's familiarity with the facts of the bankruptcy case and the adversary proceeding, the

bankruptcy court is in the best position to decide the Amended Motion for Leave to File Second
Amended Complaint, and even if the Defendant's jury trial right later makes withdrawal of the
reference appropriate, the bankruptcy court is still in the best position to manage discovery and
pre-trial procedures until the time of trial. The Defendant replies that the bankruptcy court is not
familiar with the facts underlying the new claims, and that a bankruptcy court decision on the
dispositive motion will only increase costs as it will be subject to this Court's *de novo* review.

District courts have original jurisdiction over all bankruptcy proceedings arising out of
Title 11 of the United States Code, *see* 28 U.S.C. § 1334, but a district court may "provide that
any or all cases under title 11 [of the United States Code] and any or all proceedings arising under
title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for
the district," 28 U.S.C. § 157(a). Local Rule 200.1 of the United States District Court for the
Northern District of Indiana addresses bankruptcy cases and proceedings. In Local Rule
200.1(a)(1), this District Court has exercised its authority to automatically refer bankruptcy
matters to the bankruptcy judges, and this automatic referral includes "all cases under Title 11 of
the United States Code, and any or all proceedings arising under Title 11 or arising in or related to
a case under Title 11." Local Rule 200.1 also identifies matters to be determined by bankruptcy
judges, matters to be determined or tried by district judges, and procedures that apply to motions
to withdraw cases and proceedings to the district court. Local Rule 200.1(a)(1) includes a policy
statement that it "is the intention of this court that the bankruptcy judges be given the broadest
possible authority to administer cases properly within their jurisdiction, and this rule shall be
interpreted to achieve this end."

A district judge "may withdraw, in whole or in part, any case or proceeding referred under

this section, on its own motion or on timely motion of any party, for cause shown."[1] 28 U.S.C.

§ 157(d); *In re Dorner,* 343 F.3d 910, 914 (7th Cir. 2003) (stating that "[d]istrict judges may refer

matters to bankruptcy judges but also may withdraw them and render decisions themselves"). As

one district court has observed, district courts have "broad discretion to determine whether to

withdraw a reference based on cause, but at the same time, permissive withdrawal is the exception,

rather than the rule, as bankruptcy jurisdiction is 'designed to provide a single forum for dealing

with all claims to the bankrupt's assets.'" *In re K & R Express Sys., Inc.*, 382 B.R. 443, 446 (N.D.

Ill. 2007) (citing *In re Sevko, Inc.*, 143 B.R. 114, 115 (N.D. Ill. 1992), and quoting *Xonics v. First*

*Wis. Fin. Corp.*, 813 F.2d 127, 131 (7th Cir. 1987)). The moving party bears the burden of

persuading a district court to withdraw the reference. *Salin Bank & Trust Co. v. Seybold*, No. 1:08-

CV-70, 2009 WL 377983, at *3 (N.D. Ind. Feb. 12, 2009). Permissive withdrawal of reference to

a bankruptcy court can involve withdrawal of an entire bankruptcy case, an entire bankruptcy

proceeding, a portion of a bankruptcy proceeding, an entire adversary proceeding, or a portion of

an adversary proceeding. 1 Norton Bankr. L. & Prac. 3d § 8:1; *In re Williams*, 50 F. Supp. 2d 951,

954–55 (C.D. Cal. 1999) (noting that, when the motions to withdraw reference of the adversary

proceeding were granted in part, two of the adversary proceeding causes of action remained before

the bankruptcy court while the other eight adversary proceeding causes of action came before the

district court).

     Courts consider the following factors in determining whether cause exists: whether

---

[1]In addition to this sentence providing for permissive withdrawal, the statute also includes a mandatory withdrawal provision, which states: "The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). Based on the Defendant's briefs, it does not appear that it is making an argument for mandatory withdrawal.

withdrawal would promote judicial economy or uniformity and efficiency in bankruptcy administration; whether it would reduce forum shopping; whether it would cause delay and costs to the parties; whether a particular court has familiarity with the case; whether parties have demanded a jury trial; and whether a core or non-core proceeding is involved. *In re Comdisco Ventures, Inc.,* Nos. 04-C-2007, 04-C-2393, 01-24795, 2004 WL 1375353, at *2 (N.D. Ill. June 18, 2004); *U.S. (EPA) v. Envtl. Waste Control, Inc.*, 131 B.R. 410, 418 (N.D. Ind. 1991). "Core proceedings are actions by or against the debtor that arise under the Bankruptcy Code in the strong sense that the Code itself is the source of the claimant's right or remedy, rather than just the procedural vehicle for the assertion of a right conferred by some other body of law, normally state law." *Matter of U.S. Brass Corp.*, 110 F.3d 1261, 1268 (7th Cir. 1997). An adversary proceeding is "non-core" if it "does not invoke a substantive right created by federal bankruptcy law and is one that could exist outside of bankruptcy." *Barnett v. Stern*, 909 F.2d 973, 981 (7th Cir. 1990) (citation and quotation marks omitted). Examples of a non-core proceeding are a claim of the debtor against a third party that can be determined without respect to bankruptcy law, and a claim against a stranger to the bankruptcy proceeding (*e.g.,* one who has not filed a claim) based on pre-petition contract-based rights. *Wellman Thermal Sys. Corp. v. Columbia Cas. Co.*, Nos. 1:05-CV-1191, 03-01934, 2005 WL 4880619, at *2 (S.D. Ind. Oct. 5, 2005) (citing *U.S. Brass Corp.*, 110 F.3d at 1268, and *Barnett*, 909 F.2d at 981). *See also id.* (citing *In re Apex Exp. Corp.,* 190 F.3d 624, 631–33 (4th Cir. 1999) (holding debtor's pre-petition based contract claim against party who had not filed a proof of claim with the bankruptcy court was a non-core proceeding); and *In re Orion Pictures Corp.*, 4 F.3d 1095, 1102 (2d Cir. 1993) (holding breach of contract action by debtor based on pre-petition contract against party who had not filed a claim with the bankruptcy

6

court was a non-core proceeding)). Nevertheless, a non-core proceeding may be related to the bankruptcy because of its potential effect, such as the impact a claim would have on the size of a debtor's estate. *U.S. Brass Corp.*, 110 F.3d at 1269; *Barnett*, 909 F.2d at 981. Additionally, the right to a jury trial is sufficient cause to withdraw the reference to the bankruptcy court. *Matter of Grabill Corp.*, 967 F.2d 1152, 1158 (7th Cir. 1992) (holding that where a jury trial is required the trial must be conducted in district court and that the Bankruptcy Code does not authorize bankruptcy judges to conduct jury trials); *Wellman*, 2005 WL 4880619, at *3; *Good v. Kvaerner U.S., Inc.*, No. 1:03-CV-476, 2003 WL 21755782, at *3 (S.D. Ind. July 25, 2003).

The Defendant asks the Court to enter an order "withdrawing the reference with respect to the Amended Motion For Leave To File Second Amended Complaint." (Def.'s Mot. Withdraw Reference 1.) The Defendant then argues that the claims for legal malpractice and breach of fiduciary duty are non-core claims; that this Court should hear the claims for legal malpractice and breach of fiduciary duty because it would have to review the bankruptcy court's findings on these claims *de novo*; that it will demand a jury trial on the new claims, requiring withdrawal to the district court; that withdrawing the reference will not encourage forum shopping; and that withdrawing the reference will not affect uniform administration of bankruptcy law. But the Defendant's arguments miss the point. Claims for legal malpractice and breach of fiduciary duty are not yet before this Court or the bankruptcy court. If the Amended Motion for Leave to File Second Amended Complaint is granted, then an analysis of how the legal malpractice and breach of fiduciary duty claims relate to the existing bankruptcy proceedings will become relevant. At the moment, however, the Court agrees with the Plaintiff that the Defendant's Motion to Withdraw Reference is premature.

The Plaintiff does not dispute that claims for legal malpractice or breach of fiduciary duty would be non-core claims if they were before the Court. Further, the Plaintiff agrees that the reference should be withdrawn if this Court or the bankruptcy court grants the Amended Motion for Leave to File Second Amended Complaint, because the Defendant will have the right to a jury trial. But the Plaintiff urges that a jury trial is not yet necessary on the claims presently before the bankruptcy court. Consequently, the bankruptcy court—which has been overseeing the underlying bankruptcy proceeding for four years—is in the best position to decide the Amended Motion for Leave to File Second Amended Complaint. *See In re Neumann Homes, Inc.*, 414 B.R. 383, 387 (N.D. Ill. 2009) ("[T]he bankruptcy court is better suited to manage all pretrial matters and related issues . . . . Should a jury trial become necessary to resolve the issues articulated in the adversary proceeding, then we can consider whether to withdraw the reference."); *Bus. Commc'ns, Inc. v. Freeman*, 129 B.R. 165, 166 (N.D. Ill. 1991) ("The bankruptcy judge is in the best position to monitor the progress of the litigation as he is overseeing the bankruptcy. From his vantage point, the bankruptcy judge can ensure the uniform, efficient administration of the bankruptcy estate.").

The Court agrees with the Plaintiff. The bankruptcy court is in a better position to oversee this litigation, including the pending Amended Motion for Leave to File Second Amended Complaint. The Defendant's arguments present reasons why the claims that would be added by a Second Amended Complaint should be removed to this Court, but the Defendant has not persuasively shown why this Court, instead of the bankruptcy court, should decide the pending motion. The Defendant effectively argues it would be a "waste of judicial resources" for the bankruptcy court to decide a motion which would be subject to this Court's *de novo* review. But the bankruptcy court is intimately familiar with the facts and circumstances relating to the

bankruptcy proceeding. Although the bankruptcy court may not be familiar with the facts and circumstances relating to the new claims which are the subject of the Amended Motion for Leave to File Second Amended Complaint, the bankruptcy court is still "in the best position to monitor the progress of the litigation," *Bus. Commc'ns*, 129 B.R. at 166, because it has been dealing with this case for years. Accordingly, the Defendant's Motion to Withdraw Reference will be denied with leave to refile pending the bankruptcy court's decision on the Amended Motion for Leave to File Second Amended Complaint. If the bankruptcy court grants the Plaintiff leave to file legal malpractice and breach of fiduciary duty claims, the Court will then consider upon a proper motion whether withdrawal is appropriate in light of the Defendant's jury trial right, the nature of the claims, the possibility of encouraging forum shopping, and the bankruptcy court's ability to manage the adversary proceeding until a jury trial is actually necessary. *See Neumann Homes*, 414 B.R. at 387 (bankruptcy court should manage pretrial matters until jury trial becomes necessary).

The Defendant has proffered an Order in the case of *Abrams v. McGuireWoods LLP*, No. 2:11-CV-21, and now asks the Court to withdraw the reference as Judge Simon did in that case. The Court finds Judge Simon's Order distinguishable for five reasons. Judge Simon granted the motion to withdraw the reference where the Plaintiff brought a complaint in the bankruptcy court involving legal malpractice against McGuireWoods LLP. Significantly, the Plaintiff did not have an adversary proceeding already pending against McGuireWoods LLP, so he was filing an entirely new complaint instead of a motion for leave to amend. The Court finds the McGuireWoods LLP case distinguishable, first, because McGuireWoods LLP already had a right to a jury trial due to the nature of the Plaintiff's claims, whereas the Defendant, as discussed above, does not yet have a jury trial right on the claims that are presently before the bankruptcy court. Judge Simon's Order

is distinguishable, secondly, because the Plaintiff's claims against McGuireWoods LLP were all non-core claims, whereas the Plaintiff's claims presently before the bankruptcy court all appear to be core bankruptcy matters. Judge Simon's third and fourth reasons for granting the motion to withdraw the reference were that it would be inefficient for the bankruptcy court to decide non-core matters which the district court would have to review *de novo*, and that the bankruptcy court had no familiarity with the adversary proceeding against McGuireWoods LLP. But both reasons are distinguishable because it is more efficient for the bankruptcy court to administer the progress of the adversary proceeding against the Defendant by deciding the Amended Motion for Leave to File Second Amended Complaint, and because the bankruptcy court is intimately familiar with the adversary proceeding against the Defendant. The McGuireWoods LLP case is distinguishable, lastly, because withdrawal in that case to the district court did not cause delay or increase costs, whereas withdrawal of the adversary proceeding against the Defendant at this point will likely cause delay and increase costs as a new court familiarizes itself with the facts and circumstances underlying the adversary proceeding.

Because the Court finds that the Defendant has not, at this time and on this record, adequately shown that cause exists to withdraw the reference to the bankruptcy court, the Court will deny the Defendant's request.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion to Withdraw Reference [ECF No. 1] is DENIED.

SO ORDERED on May 15, 2012.

_s/ Theresa L. Springmann_____
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION