UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DAVID ABRAMS, *not individually but solely as the Liquidating Trustee and court-appointed manager of Heartland Memorial Hospital, LLC*, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CAUSE NO.: 2:12-CV-19-TLS ) |
| DLA PIPER (US) LLP, *a Maryland Limited Liability partnership*, | ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the Court on the Defendant's Renewed Motion to Withdraw Reference [ECF No. 7], filed with this Court on July 12, 2012. The Defendant requests that the Court withdraw the reference to the bankruptcy court now that the bankruptcy court has granted the Amended Motion for Leave to File Second Amended Complaint [No. 09-02049-jpk, ECF No. 48]. For the reasons discussed below, the Court will grant the Renewed Motion to Withdraw Reference.

On May 15, 2012, this Court entered an Opinion and Order outlining the background of this case and denying the Defendant's Motion to Withdraw Reference [ECF No. 1] because claims for legal malpractice and breach of fiduciary duty were not yet before the bankruptcy court or this Court. (*See* Opinion & Order, ECF No. 6.) After the Court issued its May 15 Opinion and Order, the bankruptcy court granted the Plaintiff's Amended Motion for Leave to File Second Amended Complaint and stated: "this court recommends withdrawal of reference concerning all claims asserted in the amended complaint." (Notice of Docket Entry, ECF No. 7-2.) In the May 15 Opinion and Order, this Court stated:

> If the bankruptcy court grants the Plaintiff leave to file legal malpractice and breach of fiduciary duty claims, the Court will then consider upon a proper motion whether withdrawal is appropriate in light of the Defendant's jury trial right, the nature of the claims, the possibility of encouraging forum shopping, and the bankruptcy court's ability to manage the adversary proceeding until a jury trial is actually necessary.

(Opinion & Order 6, ECF No. 6.) The Court also noted that, given the Defendant's right to a jury trial on the legal malpractice and breach of fiduciary duty claims, the Plaintiff did not object to withdrawal of the reference if the legal malpractice and fiduciary duty claims were added in a Second Amended Complaint. (*Id.* 8.)

On July 12, the Defendant entered its Renewed Motion to Withdraw Reference. It included as attachments copies of this Court's May 15 Opinion and Order and the bankruptcy court's July 2 docket entry recommending withdrawal of the reference. The Defendant argues that withdrawal of the reference to this Court is now appropriate because 1) the Defendant has a right to a jury trial on the legal malpractice and breach of fiduciary duty claims; 2) withdrawal of the reference will not encourage forum shopping; 3) the bankruptcy court is not in a better position to manage the adversary proceeding until a jury trial is actually necessary because it has no familiarity with the new claims; and 4) withdrawal of the reference at this point would promote judicial economy because the legal malpractice and breach of fiduciary duty claims are not core bankruptcy issues. The Plaintiff did not enter a Response to the Renewed Motion to Withdraw Reference, and the time for filing a Response has passed.

The Court agrees with the arguments advanced by the Defendant. Now that the claims before the bankruptcy court include legal malpractice and breach of fiduciary duty, and because the Defendant is demanding a jury trial on those claims, withdrawal of the reference from the bankruptcy court is appropriate. *See Matter of Grabill Corp.*, 967 F.2d 1152, 1158 (7th Cir. 1992)

(holding that where a jury trial is required the trial must be conducted in district court and that the Bankruptcy Code does not authorize bankruptcy judges to conduct jury trials); *Means v. Ameriquest Mortg. Co.*, No. 2:06-CV-409-TS, 2009 WL 4427696, at *4 (N.D. Ind. Nov. 24, 2009) ("[T]he right to a jury trial is sufficient cause to withdraw the reference to the bankruptcy court."); *Wellman Thermal Sys. Corp. v. Columbia Cas. Co.*, No. 1:05-cv-1191-JDT-TAB, 2005 WL 4880619, at *3 (S.D. Ind. Oct. 5, 2005) (holding same). Furthermore, in light of the bankruptcy court's recommendation, the Court finds that withdrawal of the reference at this stage of the proceedings will further judicial economy, will not encourage forum shopping, and will facilitate efficient pretrial case management. *Wellman*, 2005 WL 4880619, at * 3 ("Certain efficiencies would be lost were the bankruptcy court to proceed with pretrial matters; the district court would not gain a valuable familiarity with the case that could assist it leading up to and through trial."). Accordingly, the Court will grant the Renewed Motion to Withdraw Reference.

For the foregoing reasons, the Defendant's Renewed Motion to Withdraw Reference [ECF No. 7] is GRANTED.

SO ORDERED on August 28, 2012.

                                          s/ Theresa L. Springmann
                                          THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT
                                          FORT WAYNE DIVISION